# CAMILO ZURRINACH

*v.*

# ALCIDES ARAN AND FRANCIS H. DEXTER.

---

Mayaguez, Law, No. 211.

1. In a jurisdiction such as Porto Rico is, where neither of the national political parties exists as such, it is not possible for this court in selecting jurors to strictly comply with the letter of the act of Congress of June 30, 1879 (21 Stat. at L. 43, chap. 52), requiring a clerk and jury commissioner to be of opposite political faith; and a substantial compliance therewith is all that is required. Especially is this so, because of the court's not being a court of the United States in the constitutional sense, and because of the act of Congress of June 25th, 1906 (34 Stat. at L. 466, chap. 3542), fixing the qualifications of jurors for service in this court.

2. Munich v. Valdés, 4 Porto Rico Fed. Rep. 99, holding that this court has no power, except possibly in very exceptional cases, to deny the right to a writ of error against its judgment, affirmed.

Opinion filed July 30, 1909.

---

*Mr. F. L. Cornwell,* attorney for plaintiff.

*Messrs. F. H. Dexter* and *B. J. Horlon,* attorneys for defendants.

V. Porto Rico—3.

Zurriñach v. Aran.

RODEY, Judge, delivered the following opinion:

This matter is now before us on the petition of the defendants for a writ of error herein. The issuance of the writ is strenuously objected to on behalf of plaintiff, on the ground that the suing out of the writ is manifestly frivolous, because the amount involved in the suit is less than $2,000 and there is no Federal question under the Constitution or laws of the United States involved.

We are constrained to agree with the contention that there is no real merit in this petition for this writ of error. It is based upon the allegation made in a motion filed at the moment of the trial that the jury was not drawn in accordance with law, in that the requisite number of names of qualified jurors was not in the box from which the names of the jury were drawn, and that the clerk of the court and the jury commissioner did not belong to the proper political parties. The court has personal knowledge that the names of the requisite number of jurors were in fact in the box when the names were drawn therefrom in open court, in the presence of the clerk, the jury commissioner, the court itself, the marshal, and many members of the bar,—all of which is set out in the record thereof made at the time. The court is also aware, having investigated the matter, that the politics of both the clerk and the jury commissioner are strictly legal under the laws governing the drawing of juries in this court in this island, and has had several juries drawn by the same persons, after due deliberation as to their qualifications in the premises. Therefore, the court did not choose to waste its time hearing counsel or listening to any testimony he might offer in that regard.

Zurriñach v. Aran.

In any event, and while insisting that the partisanship of such officers was as required by law, the court is of opinion that, in a jurisdiction such as Porto Rico is, where neither of the national political parties exists as such, a compliance with the national act in that regard is not necessary as matter of law, and that all that is necessary is an honest selection of qualified jurors from a box containing the requisite number of names, which was done, and of which the court has personal knowledge and takes judicial notice.*

However, the matter of the right of petitioner to sue out this writ of error is *stare decisis* in this court in favor of the right. See our opinion in Munich v. Valdés, 4 Porto Rico Fed. Rep. 98.

Therefore, the petition will be granted as of date July 23, 1909, when the same was presented, on the giving of a bond, within the time required by law, by the defendants, to be approved as required by law, in the sum of $2,250, and no execution will be permitted to issue, and a complete transcript in the premises will be made and forwarded to the Honorable the Supreme Court of the United States as required by law, and citation will issue as is proper.

---

*See act of Congress June 30, 1879, 21 Stat. at L. 43, chap. 52, and act of Congress June 25, 1906, 34 Stat. at L. 466, chap. 3542.